**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ERICA DANCY<br>Plaintiff, | § <br>§ | |
| | § | Civil Action No. ____________ |
| v. | § | |
| | § | |
| AMAZON.COM SERVICES, LLC<br>Defendant. | § <br>§ | Jury Trial Requested |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Erica Dancy files this Original Complaint against Defendant Amazon.com Services, LLC. In support thereof, Plaintiff respectfully shows as follows:

**PARTIES**

1. Plaintiff Erica Dancy is an individual residing in Dallas County, Texas, and may be served through the undersigned counsel.

2. Defendant Amazon.com Services, LLC is a Delaware company, with its principal office in Washington, conducting substantial business in Texas. Defendant may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, located at 211 East 7th Street, Suite 620, Austin, TX 78701.

3. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION & VENUE

4. This Court has diversity jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of the State of Texas and Defendant is a foreign citizen. There is complete diversity of citizenship. Plaintiff's damages are in excess of $75,000, excluding interest and costs.

5. This Court has specific jurisdiction over Defendant Amazon.com Services, LLC because it conducts substantial business in this State, including owning and operating millions of square feet of warehouse and distribution space in North Texas alone, and employing the second highest number of Defendant's U.S. employees in the State of Texas, which comprise the contacts out of which this case arises. Therefore, Defendant has purposefully availed itself of the protections, privileges, and obligations of Texas law, and its minimum contacts with Texas satisfy due process requirements such that traditional notions of fair play and substantial justice would not be offended by this Court's exercise of personal jurisdiction over Defendant.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

## FACTS

7. The following facts are stated upon information and belief.

8. On or about November 11, 2023, Plaintiff was working as an Associate for Defendant, at its sortation center known as RBD5, located at 3500 S. Airfield Drive, Irving, TX 75038 (the "Worksite"). While Plaintiff was working in the course and scope of her employment, another employee suddenly dropped a package onto Plaintiff's head.

9. At all material times, Plaintiff was a transportation worker as defined by the Federal Arbitration Act. The Worksite, a sortation center, is a warehouse that receives and sorts customer orders by their destination, then consolidates them onto trucks for delivery. Plaintiff's role at the Worksite requires active engagement in interstate commerce, as her job duties play a direct and necessary role in the free flow of goods across borders.

10. Defendant did not provide Plaintiff with a safe workplace and failed to provide its employees with adequate and necessary instrumentalities, training, assistance, and supervision such that they could safely perform their job duties. In failing to do so, Defendant disregarded the safety of all its employees, including Plaintiff.

11. Had Defendant exercised reasonable care in providing Plaintiff with a safe workplace, Plaintiff would not have suffered the injuries that she sustained.

12. As a result of Defendant's conduct, Plaintiff suffered severe bodily injuries and serious loss for which she seeks redress.

## CAUSES OF ACTION

### NEGLIGENCE

13. Plaintiff incorporates all prior paragraphs of this petition here.

14. Because Plaintiff was Defendant's employee, Defendant had a duty to provide the proper and necessary instrumentalities, training, assistance, and supervision for Plaintiff to perform her work safely.

15. Additionally, Defendant was the employer of the person who dropped the box on Plaintiff and such person was acting in the course and scope of their employment with Defendant at the time of the incident.

16. Defendant is vicariously liable for the acts and/or omissions of the employee who dropped the box, whose negligence was a proximate cause of the underlying incident and Plaintiff's resulting injuries and damages.

17. At the time and occasion in question, Defendant failed to use ordinary care by various acts and/or omissions including, but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

a. Failing to properly train employees in the techniques of safely completing sortation activities;

b. Failing to properly train its employees in appropriate sortation techniques, including techniques of safely handling packages;

c. Failing to develop and implement proper safety protocols and precautionary measures for employees engaged in sortation activities;

d. Failing to enforce any existing safety protocols and precautionary measures regarding sortation activities and package handling;

e. Disregarding the safety of Plaintiff; and

f. Other acts and/or omissions so deemed negligent by the jury.

18. Each and all of the above, foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence, which proximately caused the underlying incident and Plaintiff's resulting injuries.

19. Defendant failed to provide Plaintiff with a safe workplace in failing to ensure that employees were appropriately trained on the methods of safely handling packages, and failing to provide necessary safety equipment, supervision, and assistance.

20. The risk of injury to its employees was known or reasonably should have been known to Defendant, and it had a duty to maintain a safe workplace environment for

Plaintiff to perform her work. Nonetheless, Defendant consciously disregarded a known, unreasonable risk of danger to Plaintiff. But for Defendant's failure to remedy known hazards, Plaintiff would not have been injured. Defendant's failures to ensure the Worksite was safe for its workers created a foreseeable, known risk, and Defendant's negligence was therefore a direct and proximate cause of Plaintiff's injuries and damages.

21. Additionally, at all material times, Defendant's employees were acting in the course and scope of their employment with Defendant. The incident made the basis of this suit is a direct and proximate result of the negligence of Defendant's employees. Therefore, Defendant is liable under the doctrine of *respondeat superior* for the acts and omissions of its agents, servants, employees, and statutory employees and agents, including the supervisory staff, sortation staff, and any other staff member in charge of providing training, managing employees, or keeping the Worksite safe for its employees.

**NON-SUBSCRIBER**

22. At the time of the underlying occurrence, Defendant was a non-subscriber as described in Texas Labor Code § 406.003 because Defendant did not have a workers' compensation policy in force to cover this occurrence. Therefore, Defendant is barred from raising the common law defenses outlined in Texas Labor Code § 406.033(a), including contributory negligence, assumption of the risk, and the fellow servant doctrine.

**DAMAGES**

23. Plaintiff's damages include, *inter alia*, injuries to her head and spine, among other parts of her body, which resulted in severe pain, physical impairment, discomfort, mental anguish, distress, and other medical problems.

24. Plaintiff has incurred medical expenses, and is likely to incur future medical expenses, for the treatment of injuries caused by Defendant's negligence.

25. Therefore, Plaintiff brings suit for the following damages:

(1) past and future medical expenses;

(2) past and future physical pain and suffering;

(3) past and future mental anguish;

(4) past and future physical impairment;

(5) past and future disfigurement;

(6) past and future lost wages and lost earning capacity; and

(7) any and all other damages to which she may be justly entitled.

## JURY DEMAND

26. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on all claims.

## RESERVATIONS

27. Plaintiff expressly reserves the right to assert or re-assert any and all claims, causes of action, theories of liability, or claims for damages against any party, as additional facts are discovered or as required to confirm to evidence presented in this matter, to the fullest extent permitted by law, notwithstanding the filing of any amended or supplemental pleading. The filing of any subsequent pleadings as "amended" or "supplemental" shall not convey that Plaintiff has intended to abandon, waive, or non-suit any party, claim, cause of action, or theory of liability or damages, unless expressly stated therein.

**PRAYER**

Plaintiff prays that, after a trial on the merits, the Court enter judgment against Defendant in an amount to be determined at trial, costs of court, pre- and post-judgment interest to the maximum extent as allowed by law, and all such other and further relief, both general and special, at equity and at law, which the Court deems appropriate.

Respectfully submitted,

**ARMSTRONG LEE & BAKER LLP**

By: */s/ Shruti A. Modi*
Scott P. Armstrong
Texas Bar No. 24092050
Shruti A. Modi
Texas Bar No. 24124355
2800 North Loop West, Ste. 900
Houston, Texas 77092
Telephone: (832) 709-1124
Facsimile: (832) 709-1125
sarmstrong@armstronglee.com
smodi@armstronglee.com
service@armstronglee.com

**ATTORNEYS FOR PLAINTIFF**